UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RICHARD TURSI,                                                **ANSWER**

                Plaintiff,                                    Civil Action
                                                                  No. 13-cv-4756 (SLT) (VMS)
      - against -

UNITED STATES OF AMERICA,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      Defendant UNITED STATES OF AMERICA, by its attorney, LORETTA E. LYNCH, United States Attorney, Eastern District of New York, JOLIE APICELLA, Assistant United States Attorney, of counsel, answers the correspondingly numbered paragraphs of Plaintiff's Complaint upon information and belief as follows:

**IN ANSWER TO THE SECTION TITLED
"INTRODUCTION"**

      1.    The allegations contained in paragraph 1 are Plaintiff's legal characterizations of the lawsuit to which no response is required. To the extent paragraph 1 may be deemed to contain factual allegations, all such allegations are denied.

      2.    The allegations contained in paragraph 2 are Plaintiff's legal characterizations of the lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, all such allegations are denied.

**IN ANSWER TO THE SECTION TITLED
"JURISDICTION, VENUE, AND CONDITIONS PRECEDENT"**

      3.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

      4.    The allegations contained in paragraph 4 are Plaintiff's characterizations of the

legal bases for jurisdiction in this lawsuit to which no response is required. To the extent paragraph 4 may be deemed to contain factual allegations, all such allegations are denied.

5. The allegations contained in paragraph 5 are Plaintiff's legal characterizations of the appropriate venue for this lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, all such allegations are denied.

6. The allegations contained in paragraph 6 are Plaintiff's legal characterizations concerning the timeliness of Plaintiff's filing of this lawsuit to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations, defendant denies the allegations set forth in paragraph 6 of the Complaint except admits only that Plaintiff mailed an administrative claim to defendant, dated March 8, 2013.

7. The allegations contained in paragraph 7 are Plaintiff's legal characterizations concerning the timeliness of Plaintiff's filing of this lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, defendant denies the allegations set forth in paragraph 7 of the Complaint, except admits only that it issued a letter dated May 29, 2013 in which it denied Plaintiff's administrative torts claim.

8. The allegations contained in paragraph 8 are Plaintiff's legal characterizations of the lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, all such allegations are denied.

**IN ANSWER TO THE SECTION TITLED
"PARTIES"**

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The allegations contained in paragraph 10 are Plaintiff's legal characterizations of appropriate parties to this lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, all such allegations are denied, except admits only that the FTCA authorizes suit against the United States of America.

11. The allegations contained in paragraph 11 are Plaintiff's legal characterizations of the lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, all such allegations are denied.

## IN ANSWER TO THE SECTION TITLED "FACTS"

12. Denies the allegations contained in paragraph 12 except admits only that the United States Department of Veteran Affairs maintains offices at the Brooklyn Campus of the Veteran Affairs New York Harbor Healthcare System located at 800 Poly Place, Brooklyn, New York 11209.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint except admits only that the Department of Veteran Affairs Police took a report on August 22, 2011.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION FOR NEGLIGENCE

14. Defendant repeats each and every response to the allegations contained in all preceding paragraphs of the Complaint as though fully set forth again herein.

15. Denies the allegations contained in paragraph 15 except admits that a premise exists in Kings County known as the Brooklyn Campus of the Veteran Affairs New York Harbor Healthcare System located at 800 Poly Place, Brooklyn, New York 11209.

16. Admits the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 except admits that there was no prohibition to Plaintiff's presence on the premise at the date and time of the alleged incident.

21. Denies the allegations contained in paragraph 21.

22. Denies the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. The last unnumbered paragraph of the Complaint merely contains Plaintiff's prayer for relief to which no response is required. To the extent that this paragraph may be deemed to contain factual allegations to which a response is required, Defendant denies any such allegations. Further, except to the extent expressly admitted or qualified, Defendant denies each and every allegation of the Complaint.

## AS AND FOR A FIRST DEFENSE

Plaintiff's claims are subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq*.

## AS AND FOR A SECOND DEFENSE

In accordance with 28 U.S.C. § 2674, Defendant is not liable for interest prior to

judgment or for punitive damages.

## AS AND FOR A THIRD DEFENSE

Defendant did not breach any duty owed to Plaintiff and was not the cause in fact or proximate cause of any damage sustained by Plaintiff.

## AS AND FOR A FOURTH DEFENSE

Plaintiff was negligent, careless and reckless and any damage sustained was directly and proximately caused by such culpable conduct.

## AS AND FOR A FIFTH DEFENSE

If Plaintiff is entitled to recover against the Defendant, including by reason of the matters of negligence alleged in the Complaint, which Defendant denies, the amount of such damages should be diminished in the proportion which the culpable conduct, including, but not limited to, contributory negligence or assumption of the risk, attributable to Plaintiff bears to the culpable conduct, if any, of defendant. *See* NY CPLR § 1411.

## AS AND FOR A SIXTH DEFENSE

Plaintiff's recovery, if any, is limited to the amount of damages specified in the administrative claim pursuant to 28 U.S.C. § 2675(b).

## AS AND FOR A SEVENTH DEFENSE

In the event a judgment is recovered herein against Defendant, said judgment must be reduced, pursuant to CPLR § 4545 (c), and any other applicable New York State law, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source.

## AS AND FOR AN EIGHTH DEFENSE

The alleged defect, if any, was too trivial to be actionable as a matter of law.

## AS AND FOR A NINTH DEFENSE

Any damage sustained by Plaintiff was proximately caused by the negligence, carelessness and/or recklessness of individuals or entities who are not parties to this action and over which the Defendant had no control or right to exercise control.

## AS AND FOR AN TENTH DEFENSE

Defendant did not have actual or constructive notice of the alleged defect and did not have a reasonable amount of time in which to remedy the condition or defect, if any.

## AS AND FOR A ELEVENTH DEFENSE

The alleged defect, if any, was an open and obvious condition, and Plaintiff assumed any risk by proceeding towards and encountering any such alleged defect.

## AS AND FOR A TWELTH DEFENSE

Plaintiff failed to mitigate his damages.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred pursuant to 28 U.S.C. § 2680(a) to the extent any such claim falls within the discretionary function exception to the Federal Tort Claims Act, 28 U.S. C. §§ 1346(b), 2671, *et seq*.

## AS AND FOR A FOURTEENTH DEFENSE

At all relevant times, the premises at issue were constructed and maintained in conformance with all applicable federal, state and local statutes, rules, regulations and guidelines.

## AS AND FOR A FIFTEENTH DEFENSE

Any alleged injuries which Plaintiff may have sustained, which defendant denies, were caused by other persons or entities not parties to this lawsuit, whose actions constituted a superseding intervening cause of liability.

## AS AND FOR A SIXTEENTH DEFENSE

Defendant asserts that it has, or may have, additional defenses and/or claims that are not known to it at this time, but which may be ascertained through discovery. The United States specifically preserves these and other defenses and/or claims as they are ascertained through discovery.

**WHEREFORE**, the United States of America respectfully demands judgment dismissing the Complaint against it, awarding its costs, fees, and disbursements of this action, and granting such other and further relief for it and against Plaintiff as this Court may deem just and proper.

Dated: Brooklyn, New York
November 1, 2013

                                           LORETTA E. LYNCH
                                           United States Attorney
                                           Eastern District of New York
                                           271 Cadman Plaza East
                                           Brooklyn, New York 11201

                            By:    /s Jolie Apicella
                                    JOLIE APICELLA
                                    Assistant U.S. Attorney
                                    Tel.:  (718) 254-6528
                                    Email: jolie.apicella@usdoj.gov

TO:  Parneet K. Chauhan, Esq.  (By ECF)
     STEINBERG & GRUBER, P.C.
     300 Garden City Plaza – Suite 218
     Garden City, New York 11530
     *Attorneys for Plaintiff*